995 So.2d 1106 (2008)
T.C., father of C.D., O.C., S.C., Z.C., minor children, Appellant,
v.
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 1D08-2824.
District Court of Appeal of Florida, First District.
November 26, 2008.
William M. Atkinson, Jr., Panama City, for Appellant.
Adrienne C. Rodgers, Senior Attorney, Panama City, and Patricia M. Propheter, Appellate Counsel, West Palm Beach, for Appellee.
Jennifer S. Paullin, Appellate Counsel, Guardian ad Litem Program, Orlando.
PER CURIAM.
As to all four children we affirm the findings and conclusions that the Department of Children and Family Services established grounds for termination of parental rights under section 39.806(1)(c), Florida Statutes (2007), although we agree with appellant that the presumption in section 39.806(1)(e), Florida Statutes (2007), *1107 was unavailable to the Department as to Z.C. See generally C.C. v. Dep't of Children & Family Servs., 812 So.2d 520, 521 (Fla. 1st DCA 2002).
The order of termination of parental rights and permanent commitment under review finds that the "parents do not have the ability to provide the children with food, clothing, or medical care" and cannot "provide for the children's safety, well-being, and physical, mental and emotional health." Although habitual drug and alcohol use is not grounds, without more, for termination of parental rights, see C.C., 812 So.2d at 523, just as appellant's now-concluded thirteen-month incarceration is not in itself a basis for termination of parental rights, see B.C. v. Fla. Dep't of Children & Families, 887 So.2d 1046, 1057 (Fla.2004), neither do these factors undercut the trial court's findings that the parents are unable to care for these children without putting their health, safety and welfare at risk, or the conclusion that termination of parental rights is in the children's best interest.
Affirmed.
BROWNING, C.J., KAHN, and BENTON, JJ., concur.